IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:25cr00204-3 |
| ) | |
| Plaintiff, ) | JUDGE BENITA Y. PEARSON |
| ) | |
| v. ) | MAGISTRATE JUDGE KNAPP |
| ) | |
| LUIS JOEL RONDON, ) | |
| ) | **MEMORANDUM OPINION AND** |
| Defendant. ) | **ORDER** |
| ) | |

Defendant Luis Joel Rondon ("Defendant" or "Mr. Rondon") has moved pursuant to 18 U.S.C. § 3142(f) to reopen the detention hearing in this matter ("Motion"). (ECF Doc. 186.) The government timely opposed the motion. (ECF Doc. 196.) The Court has referred the Motion to the undersigned for resolution. (Non-document order dated August 8, 2025.) For the reasons set forth below, the Motion is **DENIED**.

### I. PROCEDURAL BACKGROUND

Following a lengthy FBI investigation, Mr. Rondon and eighteen codefendants were charged in a 61-page indictment with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and various related charges. (ECF Doc. 1.) Mr. Rondon was charged with the conspiracy (Count 1), felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 10), and use of a communications facility to facilitate a felony drug offense in violation

of 21 U.S.C. § 843(b) (Count 14). The forfeiture provision in the indictment also associated Mr. Rondon's name with seven seized firearms.

Mr. Rondon was arraigned on May 6, 2025, and subsequently appeared before the undersigned for a detention hearing. At the detention hearing, the government proffered: (1) the 61-page indictment, including specific allegations regarding Mr. Rondon's participation in the charged conspiracy between October 2023 and December 2024 (ECF Doc. 1); (2) the Pretrial Services Report dated May 6, 2025, which included information regarding Mr. Rondon's criminal history, history of controlled substance use, and history of mental health treatment (ECF Doc. 18); (3) three documents from the Federal Bureau of Investigation ("FBI") relating to the search warrants executed on August 7, 2024 (Exhibits 1-3); (4) a document outlining firearms, ammunition, controlled substances, and drug paraphernalia recovered in the searches (Exhibit 4); and a document transcribing portions of telephone calls involving Mr. Rondon's codefendants (Exhibit 5). Mr. Rondon proffered information regarding his length of residence in the community, local family ties, available housing, ability to continue working as an independent contractor, limited criminal record, good relationships with his mother and the mother of his children, and willingness to participate in inpatient or outpatient substance abuse treatment.

On May 28, 2025, the undersigned ordered Mr. Rondon detained pending trial ("Detention Order"), finding the government had met its burden to show by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person or the community. (ECF Doc. 107.) The Detention Order specifically outlined the information and findings that formed the basis for the Court's decision. (*Id.* at p. 4.)

Mr. Rondon filed the present Motion on July 27, 2025, requesting that the detention hearing be reopened pursuant to 18 U.S.C. § 3142(f) based on the following new information,

which was reportedly learned after the detention hearing: (1) Mr. Rondon's brother informed defense counsel that he is willing to help Mr. Rondon secure full-time employment upon release, and would transport Mr. Rondon to and from work and all court appearances; and (2) Mr. Rondon's mother suffered a serious health setback which has created a considerable need for help with her care, which Mr. Rondon would be able to provide upon his release. (ECF Doc. 186, p. 2.) He asserts that his close relationship with his mother would provide "significant additional motivation for him to strictly follow any and all ordered conditions of bond." (*Id.*)

The government filed a brief in opposition on August 12, 2025, arguing that Mr. Rondon has failed to support the reopening of his detention proceedings because the evidence he offers is not relevant to, and does not affect, the Court's prior finding that there are no conditions or combinations of conditions that would reasonably assure the safety of the community upon Mr. Rondon's release. (ECF Doc. 196.) In addition, the government argues that the detention factors under 18 U.S.C. § 3142(g) continue to weigh in favor of detention in this case. (*Id.*)

## II. LAW AND ANALYSIS

Under 18 U.S.C. § 3142(f), a detention hearing may be reopened:

> if the judicial officer finds that information exists [1] that was not known to the movant at the time of the hearing and [2] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B). The Sixth Circuit explains that the new information offered in support of reopening "must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

Here, Mr. Rondon seeks to reopen his detention proceedings based on two "new" pieces of information: (1) his brother can help him obtain employment and transport him to and from

3

work; and (2) his mother needs additional assistance due to a health setback, which Mr. Rondon could provide if released. Even assuming this information was not known to Mr. Rondon at the time of his detention hearing, Mr. Rondon's briefing on the motion fails to demonstrate that any of the proffered information would have a "material bearing" on whether there are conditions of release that would "reasonably assure the safety of any person and the community" under § 3142(f)(2)(B). In other words, the new information is not "of a nature that would . . . show that [Mr. Rondon] is less likely to pose a danger to the community." *Watson*, 475 F. App'x at 600.

In ruling on the government's motion for detention, the undersigned found that the government met its burden to demonstrate by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community. (ECF Doc. 107, p. 3.) In support, the undersigned made the following findings:

> (1) Nature and circumstances of offense (18 U.S.C. 3142(g)(1)): The defendant is charged with conspiracy to distribute or possess with intent to distribute cocaine, felon in possession of a firearm / ammunition, and use of a communications facility to facilitate a drug offense, each offense posing a danger to the community. The circumstances increase that concern. Based on an extensive investigation with surveillance and telephone interception, the defendant was identified as the #3 person in a large drug trafficking organization (DTO). Intercepted calls revealed the defendant being asked to: cut "them" [drugs] with a knife; pick up or provide "it," "that bag," "a ballie," "two bags," "another one," and "two baggies and a scale" [drugs]; pick up or provide a "40 that's in the case," "the little 9mm," or "that AR" [guns]; and to pick up or provide money. When search warrants were executed at four locations used by the DTO, one location was the defendant's residence and the defendant was present at another location. Drugs, drug paraphernalia, and firearms were found at the defendant's residence, including a firearm in the defendant's room. Drug paraphernalia, ammunition, and four cell phones were found at the location where the defendant was present. The defendant was observed to sell cocaine in four uncharged controlled buys. This factor weighs in favor of detention.
>
> (2) Weight of evidence (18 U.S.C. 3142(g)(2)): The defendant allegedly played a leading role in a DTO that distributed over 14kg of cocaine, with telephone interception suggesting repeated involvement in handling drugs, guns, and drug trafficking proceeds. He repeatedly sold drugs, and a firearm was found in his room. His extensive involvement in a DTO with access to and handling of firearms as a felon suggests dangerousness and weighs in favor of detention.

4

> (3) History and characteristics of defendant (18 U.S.C. 3142(g)(3)): The defendant is a lifelong Ohio resident with family connections in the area. He reported a 20-year history of carpentry as an independent contractor, but that work could not be verified. He also reported a new residence, but could not initially identify the address. He reported having three children, with related child support obligations, but was not aware of his monthly obligations. He reported a history of mental health issues, without active symptoms or treatment; but he also reported daily marijuana use to treat his symptoms. He reported both daily marijuana use and cocaine use. Although he reported that his last use of cocaine was two months before his arraignment, his urine was positive for cocaine. His criminal history is limited to drug possession convictions in 2009 and 2017. The first conviction was dismissed when he completed an early intervention program. He was sentenced to 2 years community control for his second conviction, but a capias was issued in 2019 due to failure to report to probation, and was active for eight months before being recalled; the defendant's probation was extended for the period the capias was pending. The defendant's drug-related criminal history, while limited, and ongoing drug use are concerning given the present charges, and this factor weighs somewhat in favor of detention.
>
> (4) Nature and seriousness of danger to any person or community that would be posed by defendant's release (18 U.S.C. 3142(g)(4)): The defendant's apparent extensive involvement in a DTO, where he sold drugs, collected money, and possessed firearms, combined with his ongoing drug use and criminal history for possession of drugs, collectively suggest that he may present a serious danger to the community if released. This weighs in favor of detention.

(*Id.* at p. 4.)

While Mr. Rondon's unverified work history as a carpenter was noted in the context of his history and characteristics, the newly reported availability of work with his brother's abandoned property company has no material bearing on the significant safety concerns outlined in the Court's detention order, most importantly Mr. Rondon's apparent involvement in trafficking cocaine and handling drugs, guns, and money for a large DTO while actively using controlled substances. Indeed, Mr. Rondon reported working as an independent contractor during the time of the various DTO-related activities alleged in the indictment.

Similarly, Mr. Rondon's reported desire to help provide care for his mother during her recent health setback is not "material" in the sense that it would make Mr. Rondon "less likely to pose a danger to the community." *Watson*, 475 F. App'x at 600. Mr. Rondon's long-term

5

residence and family connections in the area were discussed at his detention hearing and noted in the Court's detention order. While he asserts that his close relationship with his mother would provide "significant additional motivation for him to strictly follow any and all ordered conditions of bond," (ECF Doc. 186, p. 2), the same significant safety concerns remain, namely Mr. Rondon's substantial involvement in a large DTO, including selling cocaine and handling drugs, guns, and money for the DTO, his history of drug possession, and his ongoing use of controlled substances. While the Court is sympathetic to the health concerns of Mr. Rondon's mother, Mr. Rondon "has not shown, as he must, that this changed circumstance has a material bearing on the issue of his pretrial release." *United States v. McCurdy*, No. 1:24-CR-184, 2025 WL 72698, at *3 (N.D. Ohio Jan. 10, 2025) (finding that the worsening health condition and assistance needs of the defendant's mother was not "material" such that it would make it less likely that the defendant would pose a danger to others).

For the reasons explained above, the Court finds that Mr. Rondon has not satisfied his burden to present new information that has a "material bearing" on whether there are conditions of release that would "reasonably assure the safety of any person and the community," as necessary to support reopening of his detention hearing pursuant to § 3142(f)(2)(B).

### III.  CONCLUSION

For the reasons set forth herein, Defendant's Motion to Reopen Detention Hearing and Set Bond Pending Further Proceedings (ECF Doc. 186) is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 29, 2025

s/Amanda M. Knapp
United States Magistrate Judge

6